■ NATHANIEL BOWLES et al., Respondents, v CITY OF NEW YORK et al., Respondents, and SEABROOK HOLDING CORP., Appellant.—In an action to recover damages for personal injuries, etc., the defendant Seabrook Holding Corp. appeals from so much of an order of the Supreme Court, Kings County (Garry, J.), dated January 13, 1989, as denied its motion for summary judgment dismissing the complaint insofar as it is asserted against it and the cross claim against it.

Ordered that the order is reversed insofar as appealed from, on the law, with one bill of costs payable by the plaintiffs, the motion is granted, and the complaint insofar as asserted against it and the cross claim asserted against it are dismissed, and the action against the remaining defendants is severed.

The defendant Seabrook Holding Corp. (hereinafter Seabrook), a real estate investment corporation, obtained title to the property in question, essentially as a mortgagee. Pursuant to an agreement with the mortgagor, Bessie Kelly, Seabrook was to retain title to the premises as security for the mortgage indebtedness until such time as Ms. Kelly brought her debt current. Ms. Kelly, in her capacity as landlord, held herself out as owner of the property, and maintained, leased, collected rents for and made any repairs upon, the premises. Further, she was responsible for compliance with local regulations, and listed herself as owner of the building with the New York City Department of Buildings. Seabrook established that it was merely an out-of-possession titleholder to the premises. It

neither maintained, controlled nor reserved any rights to reenter the premises. The plaintiffs failed to offer evidentiary proof in admissible form sufficient to demonstrate the existence of a triable issue of fact *(see,* CPLR 3212 [b]; *Trails W. v Wolff,* 32 NY2d 207, 221; *Hecht v Vanderbilt Assocs.,* 141 AD2d 696). Therefore, Seabrook is entitled to summary judgment dismissing the complaint insofar as it is asserted against it and the cross claim as against it *(see, Bellen v Lomanto,* 125 AD2d 905; *Oquendo v Mid Mem Corp.,* 103 AD2d 705). Thompson, J. P., Bracken, Kunzeman and Rubin, JJ., concur.