■ DENISE HIGHTOWER et al., Appellants, v HOLLY ALEXANDER, et al., Individually and Doing Business as AMHERST NURSING AND CONVALESCENT HOME, Respondents. [617 NYS2d 74] —Order unanimously reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Supreme Court erred in summarily granting defendants' motion for summary judgment dismissing the complaint in this negligence action. Denise Hightower (plaintiff) sustained injuries when she slipped and fell on an oily spot in the parking lot of a nursing home owned and operated by defendants. In support of their motion, defendants submitted proof in admissible form to show that they did not have actual or constructive notice of the oil spill *(see, Eddy v Tops Friendly Mkts.,* 91 AD2d 1203, *affd* 59 NY2d 692).

In our view, however, the evidence submitted by plaintiffs in opposition to defendants' motion raised triable issues of fact whether defendants had constructive notice of the oil spill. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit defendant's employees to discover and remedy it" *(Gordon v American Museum of Natural History,* 67 NY2d 836, 837). At her deposition, plaintiff testified that she slipped on some black, dirty and sticky oil on the parking lot. She further testified that the oil appeared to be "old oil". Plaintiffs also submitted an affidavit of an expert witness asserting that oil that leaks onto average blacktop and remains there for several days appears old, sticky, coagulated and embedded, and that the process of dissolving the sealant takes on average a minimum of four days to a week. Whether the oily spot that allegedly caused plaintiff to slip and fall existed for a sufficient length of time to permit defendants' employees to remedy the defect, and whether such condition was visible and apparent, are issues for the trier of fact *(see, Schneider v Ardsley Tenants Corp.,* 191 AD2d 265). (Appeal from Order of Supreme Court, Erie County, Mintz, J.—Summary Judgment.) Present—Pine, J. P., Balio, Fallon, Callahan and Davis, JJ.