■ JACK COBRIN, Appellant, et al., Plaintiff, v COUNTY OF MONROE, Respondent. [623 NYS2d 680] —Judgment unanimously

reversed on the law with costs, motion denied and complaint reinstated. Memorandum: Jack Cobrin (plaintiff) appeals from an order that granted defendant's motion for summary judgment. Subsequently, a judgment was entered dismissing the complaint. Because the order appealed from was subsumed in the judgment, the proper appeal is from the judgment. Nevertheless, we exercise our discretionary power and deem the appeal to have been taken from the judgment *(see,* CPLR 5520 [c]; *Hughes v Nussbaumer, Clarke & Velzy,* 140 AD2d 988).

Initially, we note that, in opposition to defendant's motion, plaintiff submitted evidentiary proof in admissible form that defendant had a contractual duty to maintain the parking lot at the park in a reasonably safe condition. Supreme Court, however, granted defendant's motion based upon its finding that defendant did not have actual or constructive notice of the alleged defective condition of the connecting wires or the unlit light pole that caused plaintiff to trip and fall. Although the record establishes that defendant had no actual notice of the alleged defective conditions, we conclude that it does not establish the defense of lack of constructive notice as a matter of law.

In support of its motion for summary judgment, defendant submitted the affidavit of its Park Supervisor, who averred that defendant did not have constructive notice of either the low-strung wires or the unlit light pole. That employee further asserted: "[B]ecause I am in and about the Park on a daily basis and did not notice the allegedly defective wire, the wire must have been defective for only a very short period of time, if at all, prior to plaintiff's injury". To obtain summary judgment, a movant must establish his cause of action or defense "sufficiently to warrant the court as a matter of law in directing judgment" in his favor by tendering evidentiary proof in admissible form (CPLR 3212 [b]; *see, Zuckerman v City of New York,* 49 NY2d 557, 562). We conclude that the affidavit of defendant's employee in support of defendant's motion for summary judgment was merely conclusory and failed to establish the defense of lack of constructive notice "sufficiently to warrant the court as a matter of law in directing judgment" in favor of defendant. Whether the allegedly *defective conditions* that caused plaintiff to trip and fall were visible and apparent and existed for a sufficient length of time to permit defendant's employees to remedy the defect are issues for the trier of fact *(see, Hightower v Alexander,* 207

AD2d 960; *Schneider v Ardsley Tenants Corp.,* 191 AD2d 265). (Appeal from Judgment of Supreme Court, Monroe County, Stander, J.—Summary Judgment.) Present—Denman, P. J., Green, Balio, Callahan and Boehm, JJ.