■ Lucille Perrone et al., Respondents, v Ilion Main Street Corporation, Respondent, and Gil Merrill Enterprises, Inc., Doing Business as Gil's Variety, Appellant. [678 NYS2d 190] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Lucille Perrone (plaintiff) when she slipped and fell in a puddle of water that allegedly had dripped from the ceiling onto the floor at Gil's Variety, a store in the Fay's Mall.

Supreme Court properly denied that part of the motion of defendant Gil Merrill Enterprises, Inc., doing business as Gil's Variety (Gil's Variety), for summary judgment dismissing the complaint insofar as the complaint alleges that Gil's Variety

had constructive notice of the allegedly dangerous condition. Gil's Variety failed to meet its initial burden of proving lack of constructive notice (*see, Gebo v Jefferson Lewis Bd. of Coop. Educ. Servs.,* 248 AD2d 1025; *Jordan v Musinger,* 197 AD2d 889). It failed to establish as a matter of law that the condition was not visible and apparent or that it had not existed for a sufficient length of time before plaintiff's accident to permit employees of Gil's Variety to discover and remedy it (*see, Gebo v Jefferson Lewis Bd. of Coop. Educ. Servs., supra; see generally, Gordon v American Museum of Natural History,* 67 NY2d 836, 837-838). "Failure to make such showing requires denial of the motion, regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853).

The court erred, however, in denying that part of Gil's Variety's motion for summary judgment dismissing that part of the first cause of action based on actual notice. Gil's Variety met its initial burden of proving that it had no actual notice of the allegedly dangerous condition, and plaintiffs concede that there was none. Thus, we modify the order by granting in part Gil's Variety's motion and dismissing that part of the first cause of action based on actual notice.

The court properly granted that part of the motion of defendant Ilion Main Street Corporation (Ilion) seeking summary judgment dismissing the cross claim of Gil's Variety for contribution and indemnification. Ilion established as a matter of law that it was not negligent in maintaining the roof, and Gil's Variety failed to raise an issue of fact. (Appeal from Order of Supreme Court, Oneida County, Buckley, J.—Summary Judgment.) Present—Pine, J. P., Lawton, Pigott, Jr., Callahan and Boehm, JJ.