■ MARYANN DiFUSCO et al., Appellants, v WAL-MART DISCOUNT CITIES, Respondent. [680 NYS2d 377] —Order unanimously reversed on the law without costs, motion denied and complaint reinstated. Memorandum: Supreme Court abused its discretion in granting defendant leave to make a motion for summary judgment six months after January 1, 1997, the effective date of the amendment to CPLR 3212 (a). That amendment, which has been held to apply retroactively to pending cases, requires that a summary judgment motion be made no later than 120 days after the filing of the note of issue, or, in cases in which the note of issue was filed before January 1, 1997, no later than 120 days after January 1, 1997 (*see, Gray v Miller*, 248 AD2d 1000; *Phoenix Garden Rest. v Chu,* 245 AD2d 164; *Auger v State of New York,* 236 AD2d 177). Here, the note of issue was filed in October 1996, and defendant sought leave to make a summary judgment motion on July 1, 1997. In support of the request, defendant's attorney stated only that the delay in making the motion "has simply to do with the demands of other matters currently being handled by the undersigned".

We recognize that the amendment was not designed to "provide a safe haven for frivolous or meritless lawsuits" and that "Supreme Court should, therefore, be afforded wide latitude with respect to determining whether 'good cause' exists for permitting late motions" (*Rossi v Arnot Ogden Med. Ctr.*, 252 AD2d 778, 779). Accepting the excuse proffered in this case, however, would be tantamount to having no rule at all.

Were we to reach the merits of the appeal, we would likewise reverse the order granting summary judgment to defendant. Defendant failed to meet its initial burden of establishing that it did not have actual or constructive notice of the allegedly dangerous condition in its store and that it did not create that condition (*cf., Cobrin v County of Monroe,* 212 AD2d 1011, 1012). Even assuming, arguendo, that defendant met its burden, we conclude that the proof submitted by plaintiffs raised an issue of fact concerning actual or constructive notice. Plaintiffs established that Maryann DiFusco (plaintiff) fell in the store at 4:30 P.M. and that the floor had been cleaned the night before. There was no specific employee charged with maintenance of the floor on the day in question, and, although the assistant manager of the store testified that he was not

made aware of a liquid spill on the floor prior to plaintiff's accident, he further testified that there was no requirement that all spills be reported to him. No written records were kept of complaints made by customers or employees concerning dangerous conditions, and defendant failed to produce the names of any other employees working in the store at the time of plaintiff's fall. Consequently, an issue of fact exists whether defendant had actual or constructive notice of the condition (*see, Fisher v Big V. Supermarkets,* 221 AD2d 499; *see also, Cobrin v County of Monroe, supra*).

Further, plaintiffs raised an issue of fact whether defendant created the dangerous condition by placing a table with cups and bottles of complimentary soft drinks near the customer service desk. Plaintiff testified that she fell four or five steps away from the table, and defendant's assistant manager confirmed that, when he was called to the scene, plaintiff was lying on the floor within six feet, "give or take a little bit", of the table. Defendant's reliance upon *Eddy v Tops Friendly Mkts.* (91 AD2d 1203, *affd* 59 NY2d 692) is misplaced. In that case, plaintiffs' assertion that store employees had caused a bottle to be in the aisle was based upon sheer speculation that store employees had been stocking the shelves. Here, by contrast, defendant's placement of a table with soft drinks located in proximity to the location where plaintiff fell is undisputed. (Appeal from Order of Supreme Court, Monroe County, Galloway, J.—Summary Judgment.) Present—Pine, J. P., Wisner, Pigott, Jr., Callahan and Fallon, JJ.