■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v CORNELIUS RICKS, Appellant. [706 NYS2d 330] —Judgment, Supreme Court, New York County (Rena Uviller, J.), rendered July 23, 1997, convicting defendant, upon his plea of guilty, of criminal contempt in the first degree, and sentencing him, as a second felony offender, to a term of 1½ to 3 years, and judgment, same court (Dorothy Cropper, J.), rendered December 11, 1997, convicting defendant, upon his plea of guilty, of violation of probation, and re-sentencing him to a consecutive term of 1 to 3 years, unanimously affirmed.

The July 23, 1997 sentencing court's notations on the commitment sheet recommending against defendant's early release by the Parole Board did not invalidate his plea of guilty. Defendant's claim that the court misled him into believing in the possibility of early release on parole, thereby wrongfully inducing him to plead guilty, is refuted by the record. In any event, were we to accept defendant's argument, we would conclude that his sole remedy would be vacatur of the plea, a remedy he expressly declines to pursue.

We perceive no abuse of sentencing discretion. Concur—Sullivan, P. J., Nardelli, Ellerin, Wallach and Andrias, JJ.

■ MARY MAGGIO et al., Respondents, v CITIBANK, N. A., Appellant, et al., Defendants. [705 NYS2d 369] —Order, Supreme Court, New York County (Diane Lebedeff, J.), entered February 11, 1999, which, insofar as appealed from, denied defendant-appellant's motion for summary judgment dismissing the complaint as against it, unanimously affirmed, with costs.

Evidence adduced on the motion shows that appellant, a bank and owner of the property where plaintiff, a prospective buyer, fell when a porch railing broke, had conducted inspections of the property prior to the accident that resulted in an internal written report noting that the porch needed repair. In addition, plaintiffs' architect's affidavit opined that the "severely rotten" wooden railing was an open and obvious condition that existed for at least a year prior to the accident. Such evidence suffices to raise an issue of fact as to whether appellant had actual or constructive notice of the alleged defective railing. Concur—Sullivan, P. J., Nardelli, Ellerin, Wallach and Andrias, JJ.