■ ALLISON CAMPO-JOSEPH, Respondent, v ANTOINETTE KING, Also Known as ANTOINETTE BERKLEY, Appellant. [715 NYS2d 719] —In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Kings County (Jones, J.), dated October 22, 1999, which denied its motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

On the morning of the accident at issue, the bathroom of the plaintiff's basement apartment started to flood. The plaintiff, the defendant landlord, the defendant's son, and a handyman began to mop up the water. At some time after the bathroom stopped flooding and while the others were still in the apartment, the plaintiff, who had been walking in and out of her bedroom, slipped on the tile floor in her bedroom. The defendant moved for summary judgment dismissing the complaint, claiming that she did not have notice of a slippery condition in the plaintiff's bedroom.

The defendant established prima facie that she did not create the alleged slippery condition in the plaintiff's bedroom and that she lacked notice of any slippery condition in that room (*see, Gordon v American Museum of Natural History,* 67 NY2d 836; *Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851, 853). The defendant testified that there was water only in the bathroom and the hallway and that she did not see water anywhere else in the apartment. Furthermore, the plaintiff testified that there was nothing on the ground where she fell. Therefore, it cannot be inferred that the allegedly wet condition upon which the plaintiff slipped existed for a sufficient period of time to enable the defendant to discover and remedy it (*see, Mercer v City of New York,* 223 AD2d 688, 690-691, *affd* 88 NY2d 955).

Moreover, the record establishes that the defendant exercised reasonable care in removing the water from the basement apartment, and "the defendant should not be cast in negligence for failing to ensure" that the apartment floor was spotless when the plaintiff was well aware of the possibility that the floor might be moist due to the flooding (*Mercer v City of New York, supra,* at 691).

Furthermore, the conclusory and speculative assertion contained in the affirmation of the plaintiff's attorney submitted in opposition to the motion, that the defendant improperly installed tiles throughout the entire basement apartment, was insufficient to raise a triable issue of fact (*see, Zuckerman v City of New York,* 49 NY2d 557; *Miller v James,* 262 AD2d 617, 618; *Matter of Spangenberg,* 248 AD2d 543). O'Brien, J. P., Sullivan, Krausman, Goldstein and Schmidt, JJ., concur.