■ KATHY RANGER, Appellant, v BYRNE DAIRY, INC., Respondent and Third-Party Plaintiff. ALISTAR BEVERAGES CORPORATION, Third-Party Defendant-Respondent. [720 NYS2d 702] —Order unanimously modified on the law and as modified affirmed without costs in accordance with the following Memorandum: Supreme Court erred in granting defendant's cross motion seeking summary judgment dismissing the complaint. Plaintiff allegedly sustained personal injuries when she slipped and fell on water located in front of a cooler in the back of defendant's store. Plaintiff did not observe the water before she fell and had not observed water in that location when she was in the store the previous day. Although defendant established that it had no actual notice of the allegedly dangerous condition (*see, Winecki v West Seneca Post 8113,* 227 AD2d 978), defendant failed to establish that it had no constructive notice of the condition. Defendant "failed to establish as a matter of law that the condition was not visible and apparent or that it had not existed for a sufficient length of time before plaintiff's accident to permit employees of [defendant] to discover and remedy it" (*Perrone v Main St. Corp.,* 254 AD2d 784, 785). Thus, we modify the order by denying the cross motion of defendant and reinstating the complaint. (Appeal from Order of Supreme Court, Onondaga County, Murphy, J.—Summary Judgment.) Present—Pigott, Jr., P. J., Green, Hayes, Scudder and Kehoe, JJ.