ELAINE RIVERS, Respondent, v MAY DEPARTMENT STORES COMPANY, Doing Business as KAUFMANN'S DEPARTMENT STORE, Appellant. [783 NYS2d 184]—

Appeal from an order of the Supreme Court, Erie County (Nelson H. Cosgrove, J.), entered October 2, 2003. The order denied defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously modified on the law by granting the motion in part and dismissing the complaint to the extent that it alleges that defendant had actual notice of the alleged dangerous condition and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries that she sustained when she slipped and fell on liquid on a tile floor in one of defendant's stores, alleging that defendant either created or had actual or constructive notice of the dangerous condition that caused her to fall. Defendant appeals from an order denying its motion for summary judgment dismissing the complaint. As the moving party, defendant had the initial burden to establish that it did not create the alleged dangerous condition and did not have actual or constructive notice of the condition (*see Pelow v Tri-Main Dev.*, 303 AD2d 940, 940-941 [2003]; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). We agree with defendant that it established that it lacked actual notice of the alleged dangerous condition, and plaintiff failed to raise an issue of fact with respect thereto (*see Abati v Tonawanda City School Dist.*, 11 AD3d 962 [2004]; *Ranger v Byrne Dairy*, 280 AD2d 946 [2001]; *see also Gallagher v TDS Telecom*, 294 AD2d 860 [2002]). Thus, we modify the order by granting defendant's motion in part and dismissing the complaint to the extent that it alleges that defendant had actual notice of the alleged dangerous condition.

We conclude, however, that defendant failed to meet its initial burden of establishing that it did not create the alleged dangerous condition (*see Sumell v Wegmans Food Mkts.*, 254 AD2d 702, 703 [1998]; *see also Steenwerth v United Ref. Co. of Pa.*, 273 AD2d 878 [2000]). Although defendant is correct that plaintiff did not raise an issue of fact whether defendant created the alleged dangerous condition merely by establishing that defendant allowed beverages to be taken into the area where plaintiff fell (*see Winecki v West Seneca Post 8113*, 227 AD2d 978 [1996]), here the burden of proof never shifted to plaintiff to raise an issue of fact inasmuch as defendant failed to meet its initial burden (*see Bielak v Plainville Farms,* 299 AD2d 900 [2002]; *see generally Alvarez v Prospect Hosp.,* 68 NY2d 320, 324 [1986]). We further conclude that defendant failed to meet its initial burden of establishing that it had no constructive notice of the alleged dangerous condition, i.e., defendant "failed to establish as a matter of law that the condition was not visible and apparent or that it had not existed for a sufficient length of time before plaintiff's accident to permit employees of [defendant] to discover and remedy it" (*Perrone v Ilion Main St. Corp.*, 254 AD2d 784, 785 [1998]; *see Ranger,* 280 AD2d 946 [2001]). Present—Pigott, Jr., P.J., Green, Pine and Hurlbutt, JJ.