■ LEVINO JOHNSON et al., Appellants, v FIRST FEDERAL SAVINGS & LOAN ASSOCIATION, Respondent. (Action No. 1.) CITY OF BUFFALO, Appellant, v FIRST FEDERAL SAVINGS & LOAN ASSOCIATION, Respondent. (Action No. 2.) [796 NYS2d 801]—

Appeals from an order of the Supreme Court, Erie County (John A. Michalek, J.), entered April 2, 2004. The order granted the motion of HSBC Bank USA (incorrectly sued herein as First Federal Savings & Loan Association) for summary judgment dismissing the complaints.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law with costs, the motion is denied and the complaints are reinstated.

Memorandum: The plaintiffs in action No. 1 commenced that action seeking damages for injuries sustained by Levino Johnson (plaintiff) when he fell through the porch railing of a residence owned by HSBC Bank USA (HSBC), incorrectly sued herein as

First Federal Savings & Loan Association. When the accident occurred, plaintiff, a Buffalo police officer, was investigating a report of illegal drug sales at the residence. The plaintiff in action No. 2, the City of Buffalo, commenced that action seeking reimbursement pursuant to General Municipal Law § 207-c for payment of plaintiff's wages and medical bills.

Supreme Court erred in granting HSBC's motion seeking summary judgment dismissing the complaints. HSBC met its initial burden of establishing that it lacked actual knowledge of the alleged dangerous condition of the porch railing, and plaintiffs failed to raise a triable issue of fact (*see Rivers v May Dept. Stores Co.*, 11 AD3d 963 [2004]). HSBC failed, however, to establish that it had no constructive notice of the condition (*see id.* at 964). Further, even assuming, arguendo, that HSBC met its initial burden on the issue of constructive notice, we conclude that the submissions in opposition to the motion are sufficient to raise a triable issue of fact (*see Maggio v Citibank, N.A.*, 271 AD2d 235 [2000]).

We further conclude that HSBC is not entitled to summary judgment dismissing the complaints on the alternative ground that it was an out-of-possession titleholder lacking control over the property and thus is not liable for plaintiff's injuries (*see generally Jackson v United States Tennis Assn.*, 294 AD2d 470, 471 [2002]; *Bowles v City of New York*, 154 AD2d 324, 324-325 [1989]). HSBC failed to submit evidence in admissible form establishing that it lacked control over the property based upon the continuing occupancy of the defaulting mortgagor. In any event, the plaintiffs in action No. 1 submitted evidence that the property was vacant from the time HSBC acquired title thereto until the date of the accident. Present—Green, J.P., Hurlbutt, Kehoe, Pine and Hayes, JJ.