■ GEORGE FINGER, Appellant, v FRANK CORTESE et al., Respondents. [815 NYS2d 801]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered March 29, 2005 in a personal injury action. The order granted defendants' motion for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied in part and the second and third causes of action are reinstated.

Memorandum: Plaintiff, a plumber, commenced this action seeking damages for injuries he sustained when he allegedly slipped and fell on stairs leading to the basement of rental property owned by defendants. According to plaintiff, he fell because of the presence of water, toilet paper, and fecal matter from a backed-up sewer. Defendants moved for summary judgment dismissing the amended complaint, and by a prior order Supreme Court granted that part of defendants' motion with respect to the Labor Law § 241 (6) cause of action. At issue on this appeal is whether the court erred in subsequently granting defendants' motion for summary judgment dismissing the remaining two causes of action, for the violation of Labor Law § 200 and common-law negligence, thereby dismissing the amended complaint in its entirety. We agree with plaintiff that the court erred in granting defendants' motion with respect to those two causes of action.

With respect to the Labor Law § 200 and common-law negligence causes of action, defendants were required to establish in support of their motion that they did not create the alleged dangerous condition and did not have actual or constructive notice of that condition (see Hennard v Boyce, 6 AD3d 1132, 1133 [2004]; Pelow v Tri-Main Dev., 303 AD2d 940, 941 [2003]; see also Eddy v Tops Friendly Mkts., 91 AD2d 1203 [1983], affd 59 NY2d 692 [1983]). We agree with the court that defendants met their burden of establishing in support of their motion that they did not create the condition (see generally Sweeney v Lopez, 16 AD3d 1174, 1175 [2005]; Winecki v West Seneca Post 8113, 227 AD2d 978 [1996]), and they further met their burden of establishing that they lacked actual notice of the condition (see Abati v Tonawanda City School Dist., 11 AD3d 962 [2004]; Riv-

*ers v May Dept. Stores Co.*, 11 AD3d 963 [2004]; *Winecki*, 227 AD2d 978 [1996]).

We conclude, however, that defendants failed to meet their burden of establishing in support of their motion that they had no constructive notice of the condition, i.e., they failed to establish as a matter of law that the condition was not visible and apparent or that it had not existed for a sufficient length of time before the accident to permit defendants or their employees to discover and remedy it (*see Rivers*, 11 AD3d at 964; *Ranger v Byrne Dairy*, 280 AD2d 946 [2001]; *see generally Cobrin v County of Monroe*, 212 AD2d 1011, 1012-1013 [1995]; *Hightower v Alexander*, 207 AD2d 960 [1994]). We note, of course, that the burden of establishing defendants' constructive notice will fall upon plaintiff at trial (*see Guck v Palozzi*, 269 AD2d 777, 778 [2000]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski, Smith and Pine, JJ.