■ EDITH GRANERA, Appellant, v 32ND STREET 99¢ CORP., Respondent. [848 NYS2d 344]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (Schneier, J.), dated October 13, 2006, which granted the defendant's motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, and the defendant's motion for summary judgment dismissing the complaint is denied.

The plaintiff commenced this action to recover damages for injuries which she claims were sustained as a result of a slip-and-fall accident in an aisle of the defendant's store. The

plaintiff alleged that the fall was precipitated by a puddle of soapy water on the aisle floor. The Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. We reverse.

A defendant who moves for summary judgment in a slip-and-fall case has the initial burden of making a prima facie showing that it neither created the hazardous condition nor had actual or constructive notice of its existence for a sufficient length of time to discover and remedy it (see Miguel v SJS Assoc., LLC, 40 AD3d 942 [2007]; Rodriguez v White Plains Pub. Schools, 35 AD3d 704, 705 [2006]; Perlongo v Park City 3 & 4 Apts., Inc., 31 AD3d 409 [2006]). Here, the defendant demonstrated its prima facie entitlement to judgment as a matter of law (see e.g. Hagan v P.C. Richards & Sons, Inc., 28 AD3d 422 [2006]). However, in opposition thereto, the plaintiff raised a triable issue of fact with respect to whether the defendant created the dangerous condition by its cleaning and mopping procedure.

The plaintiff testified at her examination before trial that it was neither snowing nor raining on the day of the accident, and that immediately after she fell, she observed an employee with a mop and a bucket standing a couple of aisles away. There was also testimony from the store manager that after the accident occurred, he too observed "two clean-up individuals" with their buckets and mops "by the cashier." Under the circumstances of this case, such evidence was sufficient to demonstrate an issue of fact as to whether the defendant may have created the condition which proximately caused the accident (see Healy v ARP Cable, 299 AD2d 152, 154 [2002]; DiFusco v Wal-Mart Discount Cities, 255 AD2d 937 [1998]; cf. Collins v Laro Serv. Sys. of N.Y., Inc., 36 AD3d 746 [2007]).

Accordingly, the defendant's motion for summary judgment dismissing the complaint should have been denied (see generally Alvarez v Prospect Hosp., 68 NY2d 320 [1986]). Santucci, J.P., Goldstein, Dillon and Angiolillo, JJ., concur.