■ ANGELA LATALLADI, Respondent, v PETER LUGER STEAKHOUSE, Defendant, and PETER LUGER, INC., et al., Appellants. [859 NYS2d 698]—

In an action to recover damages for personal injuries, the defendants Peter Luger, Inc., and Peter Luger Enterprises, Inc., appeal from an order of the Supreme Court, Kings County

(Vaughan, J.), dated December 19, 2007, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is modified, on the law, by deleting the provision thereof denying that branch of the motion which was for summary judgment dismissing the complaint insofar as asserted against Peter Luger Enterprises, Inc., and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed, without costs or disbursements.

The plaintiff alleged that she was caused to slip and fall on dried blood and sand located on the sidewalk adjacent to the restaurant of the defendant Peter Luger, Inc. The plaintiff's daughter submitted an affidavit in which she stated that she observed meat droppings, blood, and sand which made the area slippery and greasy. It is undisputed that deliveries of meat were made, on a daily basis, where the plaintiff alleged that she slipped and fell. It is also undisputed that the protocol was to place sand on the sidewalk to absorb any liquid waste that dropped from the meat during the deliveries. Following meat deliveries, the sidewalk would be washed with a de-greasing chemical and hot water, and the sand would be re-applied. The plaintiff alleged that the condition which caused her to fall was created by the defendant, Peter Luger, Inc., and that it also had constructive notice of the condition.

In an action to recover damages for injuries sustained in a slip and fall accident, the plaintiff must establish that the defendant created the dangerous condition which allegedly caused the accident or had actual or constructive notice of it (*see Gordon v American Museum of Natural History*, 67 NY2d 836 [1986]; *Greenstein v R & R of G.C., Inc.*, 50 AD3d 637 [2008]; *Goldman v Waldbaum, Inc.*, 248 AD2d 436 [1998]). The defendant Peter Luger, Inc., failed to make a prima facie showing of entitlement to summary judgment. There are triable issues of fact as to whether this defendant created the condition (*see Doize v Holiday Inn Ronkonkoma*, 6 AD3d 573 [2004]). Accordingly, that branch of the appellants' motion which was for summary judgment dismissing the complaint insofar as asserted against the defendant Peter Luger, Inc., was properly denied (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

However, the defendant Peter Luger Enterprises, Inc., established that it did not own or operate the restaurant. Rather, its business was distributing and marketing steak sauce. This defendant met its burden of establishing its prima facie entitlement to summary judgment and, in opposition, the

plaintiff failed to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557 [1980]). Accordingly, as conceded by the plaintiff on appeal, the defendant Peter Luger Enterprises, Inc., was entitled to summary judgment. Mastro, J.P., Spolzino, Balkin and Leventhal, JJ., concur.