■ LAURENCE W. COSTELLO, Respondent, v SAMUEL L. ZAIDMAN et al., Appellants, et al., Defendants. (And a Third-Party Action.) [871 NYS2d 370]—

In an action to recover damages for personal injuries, the defendants Samuel L. Zaidman and Yitty Zaidman appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Schneier, J.), dated December 7, 2007, as denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them is granted.

In June 2004 the plaintiff allegedly was injured when he slipped and fell on a wet floor in the offices of the defendant Unisource Shipping, Inc. (hereinafter Unisource). The offices were located in the basement of a building owned by the defendants Samuel L. Zaidman and Yitty Zaidman (hereinafter the Zaidmans) and were the subject of an oral month-to-month agreement between Samuel L. Zaidman and Unisource. The three remaining floors of the building were used for residential purposes.

The plaintiff commenced an action against, among others, the Zaidmans and Unisource. After discovery was completed, the

Zaidmans moved for summary judgment dismissing the complaint insofar as asserted against them. In the order appealed from, the Supreme Court, inter alia, denied the Zaidmans' motion. The Zaidmans appeal from so much of the order as denied their motion. We reverse the order insofar as appealed from.

The Zaidmans established their prima facie entitlement to judgment as a matter of law by proffering evidence showing that they neither created nor had actual or constructive notice of the alleged water condition that caused the plaintiff's injuries (*see Kaplan v DePetro*, 51 AD3d 730, 731 [2008]; *Lau Tung Tsui v New Charlie Tseng Corp.*, 35 AD3d 390, 391 [2006]; *Campo-Joseph v King*, 277 AD2d 193, 194 [2000]; cf. *Latalladi v Peter Luger Steakhouse*, 52 AD3d 475, 476 [2008]). In response, the plaintiff failed to raise a triable issue of fact as to causation or notice, relying, instead, on speculation as to the source of the water (*see Gwyn v 575 Fifth Ave. Assoc.*, 12 AD3d 403, 404-405 [2004]). We note, however, that the Zaidmans' contention that they were out-of-possession landlords and had no contractual duty to maintain the premises was not properly before the Supreme Court, as it was raised for the first time in their reply papers (*see Guiterrez v Iannacci*, 43 AD3d 868 [2007]; *Johnston v Continental Broker-Dealer Corp.*, 287 AD2d 546 [2001]). Fisher, J.P., Florio, Carni and Chambers, JJ., concur.