(March 17, 2009)

◼ ESTELA ALVAREZ, Appellant, v AMERICAN INTERNATIONAL REALTY CORP., Defendant and Third-Party Plaintiff-Appellant. ABM INDUSTRIES, INC., Third-Party Defendant-Respondent. [876 NYS2d 435]—

In an action to recover damages for personal injuries, the plaintiff appeals, as limited by her brief, from so much of an order of the Supreme Court, Queens County (Dollard, J.), entered July 10, 2007, as granted that branch of the motion of the defendant third-party plaintiff which was for summary judgment dismissing the complaint, and the defendant third-party plaintiff separately appeals, as limited by its brief, from so much of the same order as denied, as academic, that branch of its motion which was for summary judgment on the third-party complaint.

Ordered that the order is affirmed, with one bill of costs to American International Realty Corp., payable by Estela Alvarez, and one bill of costs to ABM Industries, Inc., payable by American International Realty Corp.

The plaintiff allegedly was injured when she slipped and fell in front of a freight elevator in a building owned by the defendant third-party plaintiff American International Realty Corp. (hereinafter AIRC). The third-party defendant ABM Industries, Inc. (hereinafter ABM) was hired by AIRC, inter alia, to maintain the lobby area. Although the plaintiff did not observe any wetness on the lobby floor before the accident, she suggested that the floor was wet because it was raining that day. The plaintiff further claimed that, at the time of the accident, there were rain mats on the lobby floor from the front of the entrance to the security desk, but no rain mats in front of the freight elevator where she fell.

AIRC established its entitlement to judgment as a matter of law by demonstrating that it neither created nor had actual or constructive notice of the alleged water condition that caused the plaintiff's injuries (*see Granera v 32nd St. 99 Corp.*, 46 AD3d 750, 751 [2007]). In opposition, "the plaintiff failed to raise a triable issue of fact as to causation or notice, relying, instead, on speculation as to the source of the water" (*Costello v Zaidman*, 58 AD3d 593, 594 [2009]; *see Akhtar v Zucker*, 50 AD3d 932, 933 [2008]). Further, the unsworn report of the plaintiff's expert was insufficient to raise a triable issue of fact (*see* CPLR 3212 [b]; *Mazzola v City of New York*, 32 AD3d 906, 907 [2006]; *cf.* CPLR 2106).

Since the Supreme Court properly granted that branch of AIRC's motion which was for summary judgment dismissing the complaint, it also properly denied, as academic, that branch of AIRC's motion which was for summary judgment on the third-party complaint. Rivera, J.P., Ritter, Covello and Angiolillo, JJ., concur.