# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

461

CA 13-00627

PRESENT: CENTRA, J.P., FAHEY, PERADOTTO, LINDLEY, AND VALENTINO, JJ.

---

JEFFREY KOCH AND ELIZABETH KOCH, INDIVIDUALLY
AND AS HUSBAND AND WIFE, PLAINTIFFS-APPELLANTS,

V                                              MEMORANDUM AND ORDER

DRAYER MARINE CORPORATION AND ASHVILLE BAY
MARINA, DEFENDANTS-RESPONDENTS.

---

ANDREWS, BERNSTEIN, MARANTO & NICOTRA, PLLC, BUFFALO (JUSTIN HENDRICKS
OF COUNSEL), FOR PLAINTIFFS-APPELLANTS.

LAW OFFICES OF LAURIE G. OGDEN, BUFFALO (LEO T. FABRIZI OF COUNSEL),
FOR DEFENDANTS-RESPONDENTS.

---

Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered July 19, 2012. The order granted defendants' motion for summary judgment and dismissed plaintiffs' amended complaint in its entirety.

It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Jeffrey Koch (plaintiff) when a plank collapsed while he was fishing from a dock at defendant Ashville Bay Marina (Marina), which was owned and previously operated by defendant Drayer Marine Corporation (Drayer). Defendants moved for summary judgment dismissing the amended complaint on the ground, inter alia, that a judgment of foreclosure had been entered against the Marina several months prior to the accident. We conclude that Supreme Court properly granted the motion.

Initially, we agree with plaintiffs that the court erred in concluding that defendants were entitled to summary judgment on the ground that the judgment of foreclosure extinguished their ownership of the Marina. Rather, "[t]he entry of a judgment of foreclosure and sale does not divest the mortgagor of its title and interest in the property until [a] sale is actually conducted" (*Bethel United Pentecostal Church v Westbury 55 Realty Corp.*, 304 AD2d 689, 692-693, *lv denied* 100 NY2d 510; *see Prudence Co. v 160 W. 73rd St. Corp.*, 260 NY 205, 210-211; *Nutt v Cuming*, 155 NY 309, 312-313). Because the Marina's property was not sold until August 2007, defendants retained title to the property at the time of the accident in May 2007.

We nevertheless conclude that the court properly granted defendants' motion.  It is well settled that an out-of-possession titleholder lacking control over the property is not liable for injuries occurring thereon (*see Johnson v First Fed. Sav. & Loan Assn.*, 19 AD3d 1085, 1086; *Bowles v City of New York*, 154 AD2d 324, 324-325).  Here, defendants met their initial burden of establishing that they were out-of-possession titleholders lacking control over the property.  Defendants submitted the deposition testimony and an affidavit of Drayer's sole owner, who stated that, shortly after the foreclosure, she and her employees were present at the Marina in order to finish putting their customers' boats in storage, but that they undertook no further activities on the premises after October 12, 2006.  Defendants further established that, in April 2007, the foreclosing bank denied their request for permission to remove customers' boats from storage for summer use.  The bank also refused to permit defendants to send out dockage renewal notices to customers as they had done prior to the foreclosure.  At that time, the bank informed defendants that it had hired the owner of another local marina to run the Marina and to remove the boats from storage for a fee.  Defendants therefore established that, by the date of the accident, they no longer possessed, maintained or controlled the Marina's property, and plaintiffs failed to raise an issue of fact in opposition (*cf. Johnson*, 19 AD3d at 1086; *Bowles*, 154 AD2d at 324-325; *see generally Zuckerman v City of New York*, 49 NY2d 557, 562).

Entered:  June 13, 2014                          Frances E. Cafarell
                                                 Clerk of the Court