Propst v Niagara County Jail (2022 NY Slip Op 04486)

Propst v Niagara County Jail

2022 NY Slip Op 04486

Decided on July 8, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on July 8, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CENTRA, NEMOYER, AND BANNISTER, JJ.

478 CA 21-00531

[*1]SHIRLEY PROPST, PLAINTIFF-APPELLANT,
v
NIAGARA COUNTY JAIL, NIAGARA COUNTY SHERIFF'S DEPARTMENT AND NIAGARA COUNTY, DEFENDANTS-RESPONDENTS. 

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL), FOR PLAINTIFF-APPELLANT.
HURWITZ & FINE, P.C., BUFFALO (ERIC D. ANDREW OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Niagara County (Richard C. Kloch, Sr., A.J.), entered April 5, 2021. The order granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint insofar as it alleges that defendants created and had constructive notice of the allegedly dangerous condition and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she allegedly slipped and fell on water on the floor of defendant Niagara County Jail (Jail). Plaintiff went to the Jail on the morning of the accident to visit with an inmate. As she and other visitors entered the visitation room at approximately 9:30 a.m. and proceeded to their assigned seats, plaintiff slipped and fell. She did not know what she had slipped on until after she fell, when she saw a puddle of water on the ground. Supreme Court granted defendants' motion for summary judgment dismissing the complaint, and plaintiff appeals.
It is well settled that, " '[a]s the proponent of the motion, defendant[s] ha[ve] the initial burden of establishing that [they] did not create the dangerous condition that caused plaintiff to fall and did not have actual or constructive notice thereof' " (Rivera v Tops Mkts., LLC, 125 AD3d 1504, 1505 [4th Dept 2015]; see King v Sam's E., Inc., 81 AD3d 1414, 1414-1415 [4th Dept 2011]). On appeal, plaintiff contends that defendants failed to meet their initial burden and thus that the court erred in granting the motion. Initially, we reject defendants' contention that plaintiff is precluded from raising that issue to the extent that she did not raise it below. We conclude that "plaintiff's contention that defendant[s] failed to meet [their] initial burden on [their] motion for summary judgment is properly before us inasmuch as it involves a 'question of law appearing on the face of the record . . . [that] could not have been avoided by the opposing party if brought to that party's attention in a timely manner' " (Rivera v Rochester Gen. Health Sys., 173 AD3d 1758,
1758-1759 [4th Dept 2019]). In her complaint, plaintiff alleges that defendants created a dangerous condition of water on the floor and had actual and constructive notice of it, and thus defendants had the burden of establishing their entitlement to summary judgment based on all three theories.
We agree with plaintiff that defendants failed to establish that they did not create the dangerous condition and thus that the court erred in granting the motion with respect to that claim, and we modify the order accordingly (see Cooper v Carmike Cinemas, Inc., 41 AD3d 1279, 1280 [4th Dept 2007]; Rivers v May Dept. Stores Co., 11 AD3d 963, 964 [4th Dept 2004]). [*2]Defendants submitted evidence that adult visitors and inmates were not allowed to bring drinks to the visitation room, but correction officers, at least three of whom were in the room during visits, were allowed to have drinks in the room. Defendants did not submit evidence that the correction officers in the room did not create the puddle of water on the floor. Although defendants submitted evidence that child visitors were allowed at the time to bring drinks in bottles or sippy cups, they did not submit evidence that any children were in the visitation room that morning before plaintiff entered the room. The failure of defendants to meet their initial burden requires denial of that part of their motion, "regardless of the sufficiency of the opposing papers" (Alvarez v Prospect Hosp., 68 NY2d 320, 324 [1986]; see Ayotte v Gervasio, 81 NY2d 1062, 1063 [1993]; Rivers, 11 AD3d at 964).
Contrary to plaintiff's contention, the court properly granted the motion with respect to the claim that defendants had actual notice of the dangerous condition. "To establish that they did not have actual notice of the allegedly dangerous condition, defendants were required to show that they did not receive any complaints concerning the area where plaintiff fell and were unaware of any . . . [slippery] substance in that location prior to plaintiff's accident" (Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1469 [4th Dept 2013]; see Cosgrove v River Oaks Rests., LLC, 161 AD3d 1575, 1576 [4th Dept 2018]). Here, defendants submitted evidence that they did not receive any complaints about liquid on the floor or see any water on the floor prior to plaintiff's fall. In opposition to that part of the motion, plaintiff failed to raise a triable issue of fact (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]).
We agree with plaintiff, however, that the court erred in granting the motion with respect to the claim that defendants had constructive notice of the dangerous condition, and we therefore further modify the order accordingly. "To constitute constructive notice, a [dangerous condition] must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [a defendant] to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Here, defendants were required to " 'submit evidence concerning when the [room] was last cleaned and inspected prior to the accident' " (Lewis v Carrols LLC, 158 AD3d 1055, 1056 [4th Dept 2018]; see Arghittu-Atmekjian v TJX Cos., Inc., 193 AD3d 1395, 1396 [4th Dept 2021]). Defendants submitted evidence that employees performed safety inspections of the visitation room, including looking for slipping hazards on the floor, on a routine basis. In particular, the room was inspected before the first visit, throughout the day, and at the end of a shift. Defendants submitted evidence that a correction officer inspected the room at 7:45 a.m. before the first group of visitors arrived at 8:30 a.m. Plaintiff was one of the second group of visitors that day and entered the visitation room at approximately 9:30 a.m. We conclude that the reasonableness of defendants' inspection practices and whether the dangerous condition existed for a sufficient length of time prior to the accident to permit defendants' employees to discover and remedy it are issues for a jury to determine (see generally Catalano v Tanner, 23 NY3d 976, 977 [2014]), and defendants failed to establish as a matter of law that they did not have constructive notice of the dangerous condition (see Rivers, 11 AD3d at 964).
We have reviewed plaintiff's remaining contention and conclude that it is without merit.
Entered: July 8, 2022
Ann Dillon Flynn
Clerk of the Court