██ CONSTANCE CAMIZZI, Respondent-Appellant, v TOPS, INC., et al., Appellants-Respondents. [664 NYS2d 964] —Judgment unanimously affirmed with costs. Memorandum: Defendants appeal from a judgment awarding damages to plaintiff for injuries she sustained when she tripped and fell while entering their supermarket. Plaintiff cross-appeals from the judgment insofar as Supreme Court denied her motion to set aside the jury's award of damages for future pain and suffering as inadequate. With respect to the cross appeal, we conclude that the award of damages does not deviate materially from what would be reasonable compensation under the circumstances (see, CPLR 5501 [d]).

Because the parties' summations were not transcribed, we are unable to review the contention that improper comments by plaintiff's counsel warrant reversal (see, Wilcox v Morrow, 226 AD2d 1077, 1077-1078). We reject defendants' contentions that the court erred in its response to a jury question and that the court improvidently exercised its discretion in limiting cross-examination of plaintiff's expert.

Defendants further contend that the proof is insufficient to establish that they had constructive notice that the floor mat frequently buckled and that the buckling floor mat constituted a dangerous condition. Plaintiff submitted evidence establishing that she tripped on a three-inch-high buckle in the floor mat placed on the tile floor at the entrance to the supermarket; that the mat buckled on several occasions each day as customers entered the store and as employees pushed shopping carts into the store; and that the store manager was aware that the mat buckled each day and that the buckling constituted a tripping hazard that could cause injury. Plaintiff thereby established the existence of a recurrent dangerous condition and that defendants had constructive notice of that condition (see, O'Connor-Miele v Barhite & Holzinger, 234 AD2d 106; Chin v Harp Mktg., 232 AD2d 601, 602; Padula v Big V Supermarkets, 173 AD2d 1094, 1095-1096; Weisenthal v Pickman, 153 AD2d 849). (Appeals from Judgment of Supreme Court, Erie County, LaMendola, J.—Negligence.) Present—Green, J. P., Lawton, Callahan, Doerr and Balio, JJ.