■ BETTE K. HAMMER, Respondent, v KMART CORPORATION, Appellant. (Appeal No. 1.) [700 NYS2d 345] —Judgment unanimously reversed on the law without costs, motion granted and complaint dismissed. Memorandum: Supreme Court erred in denying defendant's motion for a directed verdict at the close of plaintiff's case. Plaintiff fell on what she believed was a puddle of water on the floor of defendant's store. We reject plaintiff's contention that defendant had constructive notice of a dangerous condition because it was snowy and icy outside, and defendant knew that water may accumulate in different areas in the store (see, Piacquadio v Recine Realty Corp., 84 NY2d 967, 969). Plaintiff failed to prove that the water on the floor where she fell was apparent and existed for a sufficient length of time prior to the fall to permit defendant's employees to discover and remedy the defect (cf., Negri v Stop & Shop, 65 NY2d 625, 626).

In addition, although plaintiff proved that defendant had a general awareness that water was present in the front area of the store when the weather was inclement (see, Piacquadio v Recine Realty Corp., supra), she failed to prove that defendant had actual knowledge of a recurring condition, i.e., that defendant knew that, during inclement weather conditions, water accumulated on the floor in the aisle where she fell (cf., Migli v Davenport, 249 AD2d 932, 933; Camizzi v Tops, Inc., 244 AD2d

1002). (Appeal from Judgment of Supreme Court, Erie County, Flaherty, J.—Negligence.) Present—Pine, J. P., Hayes, Wisner, Pigott, Jr., and Scudder, JJ.