■ DAVID MERRILL et al., Appellants, v FALLETI MOTORS, INC., Respondent. [778 NYS2d 650]—

Appeal from an order of the Supreme Court, Genesee County (Robert C. Noonan, A.J.), entered May 23, 2003. The order granted defendant's motion for summary judgment dismissing the complaint in a personal injury action.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion is denied and the complaint is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by David Merrill (plaintiff) when he allegedly slipped and fell on ice on defendant's premises. Supreme Court erred in granting defendant's motion for summary judgment dismissing the complaint where, as here, there is an issue of fact whether there was a hazardous condition on defendant's property and, if so, whether defendant had constructive notice of it (*see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]; *Miller v City of Syracuse*, 258 AD2d 947, 947-948 [1999], *lv denied* 93 NY2d 807 [1999]). In support of the motion, defendant submitted the deposition testimony of its principal wherein he denied that he was aware of any ice. He further testified that, regardless of whether he saw ice, he spread salt on the walkway every morning. He did not, however, keep a log of his maintenance schedule to establish that he in fact salted the walkway that morning (*cf. Mueller v Hannaford Bros. Co.*, 276 AD2d 819 [2000]). In addition, defendant submitted the deposition testimony of plaintiff wherein he testified that he entered the premises after it had been open for business for more than two hours and that, although the ice was present, no salt was evident on the walkway where he fell. Thus, by its own submissions, defendant raised an issue of fact with respect to constructive notice, i.e., whether the condition was visible and apparent and had existed for a sufficient length of time before plaintiff's accident to permit defendant to discover and remedy it (*see Malcolm v Kapur*, 278 AD2d 926 [2000]; *Perrone v Ilion Main St. Corp.*, 254 AD2d 784 [1998]; *Gebo v Jefferson Lewis Bd. of Coop. Educ. Servs.*, 248 AD2d 1025 [1998]). Present—Green, J.P., Wisner, Scudder, Gorski and Lawton, JJ.