■ BILLI JO CHRISLER et al., Appellants, v CRAIG SPENCER, Doing Business as THE FEED STORE, et al., Respondents. [817 NYS2d 835]—

Appeal from an order of the Supreme Court, Steuben County (Peter C. Bradstreet, A.J.), entered April 13, 2005 in a personal injury action. The order granted defendants' motions for summary judgment dismissing the amended complaint.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motions are denied and the amended complaint is reinstated.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Billi Jo Chrisler (plaintiff) when she allegedly slipped and fell on a patch of ice in a parking lot

owned by defendant MFS Holdings Incorporated (MFS Holdings). Defendant Craig Spencer, doing business as The Feed Store, and defendants Advantage Auto Stores, Inc. and Hahn Automotive Warehouse, Inc. leased the property from MFS Holdings and operated stores adjacent to the parking lot. Supreme Court erred in granting the respective motions of defendants for summary judgment dismissing the amended complaint against them. Defendants failed to meet their initial burden of establishing that they did not have actual or constructive notice of the dangerous condition (*see Rivers v May Dept. Stores Co.*, 11 AD3d 963, 964 [2004]; *Merrill v Falleti Motors, Inc.*, 8 AD3d 1055 [2004]; *Ranger v Byrne Dairy*, 280 AD2d 946 [2001]). In support of their motions, defendants submitted the deposition testimony of witnesses in which they testified that, on previous occasions, they had observed water coming out of the downspouts onto the parking lot. Thus, based on defendants' own submissions, "an inference could be drawn that defendant[s] had actual knowledge of a recurrent dangerous condition and therefore could be charged with constructive notice of each specific reoccurrence of the condition" (*Padula v Big V Supermarkets*, 173 AD2d 1094, 1096 [1991]; *see also Camizzi v Tops, Inc.*, 244 AD2d 1002 [1997]). We further conclude that defendants failed to meet their initial burden of establishing that they did not create the dangerous condition by providing inadequate lighting (*see Telesco v Bateau*, 273 AD2d 894 [2000]). Defendants submitted the deposition testimony of plaintiff in which she testified that, although she was aware of the type and location of the exterior lighting on the Feed Store building, she did not observe any lighting at the time of her fall.

The failure of defendants to make a prima facie showing of entitlement to judgment as a matter of law "requires denial of the motion[s], regardless of the sufficiency of the opposing papers" (*Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]). Present—Pigott, Jr., P.J., Scudder, Kehoe, Smith and Pine, JJ.

