■ BRENDA K. HALE, Appellant, v WILMORITE, INC., et al., Respondents and Third-Party Plaintiffs. ONE SOURCE FACILITY SERVICES, INC., Third-Party Defendant-Respondent. (Appeal No. 1.) [827 NYS2d 387]—

Appeal from a judgment and order (one paper) of the Supreme Court, Wayne County (Stephen R. Sirkin, A.J.), entered March 15, 2006 in a personal injury action. The judgment and order granted defendants' motion for a directed verdict dismissing the complaint.

It is hereby ordered that the judgment and order so appealed from be and the same hereby is unanimously affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for personal injuries sustained by her in a slip and fall on premises allegedly owned by defendant Wilmorite, Inc. and managed by defendant Genesee Management, Inc. In appeal No. 1, plaintiff appeals from a judgment and order granting defendants' motion for a directed verdict dismissing the complaint with prejudice at the close of proof for plaintiff's failure to make out a prima facie case of negligence (*see* CPLR 4401). In appeal No. 2, plaintiff appeals from a subsequent order denying her motion for leave to reargue the motion for a directed verdict. Because no appeal lies from an order denying a motion for leave to reargue (*see Empire Ins. Co. v Food City*, 167 AD2d 983, 984 [1990]), appeal No. 2 must be dismissed.

With respect to appeal No. 1, we conclude that Supreme Court properly directed a verdict in favor of defendants. The record is devoid of any evidence of actual notice of the wet condition to defendants and the lapse of a reasonable time for them to correct the condition or warn about its existence (*see Mercer v City of New York*, 88 NY2d 955, 956 [1996], citing *Lewis v Metropolitan Transp. Auth.*, 99 AD2d 246, 249 [1984], *affd for reasons stated below* 64 NY2d 670 [1984]). Further, the record is lacking in any evidence from which constructive notice might be inferred (*see Hammer v KMart Corp.*, 267 AD2d 1100 [1999], *lv denied* 95 NY2d 757 [2000]; *see generally Gordon v American Museum of Natural History*, 67 NY2d 836, 837-838 [1986]). Although a plaintiff is not required to prove that the defendants

knew or should have known of the existence of a particular defect where they had actual notice of a recurrent dangerous condition in that location (*see Chrisler v Spencer*, 31 AD3d 1124, 1125 [2006]; *Hammer*, 267 AD2d at 1100; *Camizzi v Tops, Inc.*, 244 AD2d 1002 [1997]), here there is no evidence from which it might be inferred that there was in fact a "recurring dangerous condition in the area of the slip and fall that was routinely left unaddressed" (*Solazzo v New York City Tr. Auth.*, 21 AD3d 735, 736 [2005], *affd* 6 NY3d 734 [2005]). A "general awareness that [an area may] become wet during inclement weather [is] insufficient to establish constructive notice of the specific condition causing plaintiff's injury" (*Solazzo*, 6 NY3d at 735, citing *Piacquadio v Recine Realty Corp.*, 84 NY2d 967, 969 [1994]). Moreover, the "evidence concerning the putting down of mats [does not] tend to show a recurring dangerous condition in the particular area where plaintiff fell" (*Solazzo*, 21 AD3d at 737; *see Keum Choi v Olympia & York Water St. Co.*, 278 AD2d 106, 107 [2000]). Present—Hurlbutt, J.P., Smith, Centra and Pine, JJ.