ROSEMARY FERINGTON, Appellant, et al., Plaintiff, v THOMAS DUDKOWSKI, Respondent. [856 NYS2d 348]—

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Rosemary Ferington (plaintiff) when she fell while descending the front stairs leading to defendant's home. Supreme Court properly granted defendant's motion for summary judgment dismissing the complaint. The complaint, as amplified by the bill of particulars, alleges that defendant had actual or constructive notice of the allegedly defective condition of the stairs. Defendant met his burden with respect to actual notice "[b]y showing that [he] did not receive any complaints about the area prior to plaintiff's fall" (*Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.*, 15 AD3d 857, 857 [2005]; *see Gallagher v TDS Telecom*, 294 AD2d 860 [2002]), and plaintiffs failed to raise a triable issue of fact (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). Defendant also met his burden with respect to constructive notice by establishing that the defective condition was not "visible and apparent and [did not] exist for a sufficient length of time prior to the accident to permit defendant[ ] . . . to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]), and plaintiffs failed to raise a triable is-

sue of fact. In opposition to the motion, plaintiffs submitted the deposition testimony of plaintiff in which she stated that she fell on the "middle" step, and they submitted the affidavit of an architect who stated that the middle step was one third of an inch out of level. Such a minor defect would not be "visible and apparent" upon a reasonable inspection (*Quinn*, 15 AD3d at 858; *see also Lal v Ching Po Ng*, 33 AD3d 668 [2006]). We note in any event that the affidavit of plaintiff's expert was based on his examination of the stairs more than 2$^1$/$_2$ years after the accident and thus is insufficient to raise a triable issue of fact with respect to the condition of the stairs at the time of plaintiff's fall (*see generally Ciccarelli v Cotira, Inc.*, 24 AD3d 1276 [2005]). Present—Martoche, J.P., Lunn, Fahey, Peradotto and Pine, JJ.