■ KENNETH WESOLEK, Appellant, v JUMPING COW ENTERPRISES, INC., Defendant, and CALUMET PROPERTIES, INC., et al., Respondents. [857 NYS2d 859]—

Appeal from an order of the Supreme Court, Erie County (Patrick H. NeMoyer, J.), entered May 14, 2007 in a personal injury action. The order, insofar as appealed from, granted the motions of defendants Calumet Properties, Inc., Ultimate Restaurants, Inc., doing business as Bacchus Wine & Bar Restaurant, and Steve Calvaneso, doing business as Bacchus Wine & Bar Restaurant, for summary judgment dismissing the amended complaint against them.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion of defendant Calumet Properties, Inc. and reinstating the amended complaint against that defendant and by denying in part the motion of defendants Ultimate Restaurants, Inc., doing business as Bacchus Wine & Bar Restaurant, and Steve Calvaneso, doing business as Bacchus Wine & Bar Restaurant, and reinstating the amended complaint against defendant Ultimate Restaurants, Inc., doing business as Bacchus Wine & Bar Restaurant, and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped and fell while descending the stairs to the basement at his place of employment. According to the testimony of plaintiff at his deposition, he made a claim for workers' compensation benefits for his injury but was informed that his employer, defendant Ultimate Restaurants, Inc., doing business as Bacchus Wine & Bar Restaurant (Ultimate), did not have workers' compensation insurance. Supreme Court erred in granting the motion of defendant Calumet Properties, Inc. (Calumet), the owner of the building in which plaintiff fell, for summary judgment dismissing the amended complaint against it and that part of the motion of Ultimate and defendant Steve Calvaneso, doing business as Bacchus Wine & Bar Restaurant (Calvaneso), the sole shareholder and director of Ultimate, for summary judgment dismissing the amended complaint against Ultimate, and we therefore modify the order accordingly. The moving defendants "had the initial burden of establishing that [they] did not create the dangerous condition that caused plaintiff to fall and did not have actual or constructive notice thereof" (*Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.*, 15 AD3d 857, 857 [2005]; *see Finger v Cortese*, 28 AD3d 1089, 1090 [2006]; *Gonzalez v Jenel Mgt. Corp.*, 11 AD3d 656 [2004]). We note at the outset that plaintiff has not alleged that defendants created the allegedly dangerous condition, i.e., water on the basement floor and stairs, and thus the only issue before us is whether defendants had actual or constructive notice thereof.

"To constitute constructive notice, a[n allegedly dangerous condition] must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit a defendant's employees to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). We note, however, that "a plaintiff is not required to prove that the defendants knew or should have known of the existence of a particular defect where they had actual notice of a recurrent dangerous condition in that location" (*Hale v Wilmorite, Inc.*, 35 AD3d 1251, 1251-1252 [2006]; *see Chrisler v Spencer*, 31 AD3d 1124, 1125 [2006]; *O'Connor-Miele v Barhite & Holzinger*, 234 AD2d 106, 106-107 [1996]). "A defendant who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition" (*Brown v Linden Plaza Hous. Co., Inc.*, 36 AD3d 742 [2007]).

We conclude that the moving defendants failed to meet their respective initial burdens of establishing that Calumet and Ultimate lacked actual or constructive notice of the dangerous condition (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). In support of their motions, those defendants submitted the deposition testimony of plaintiff, who testified that he noticed that his shirt and pants were wet after he fell. Plaintiff further testified that the basement had flooded on three occasions in the year prior to his fall and that he and other employees had to walk on milk crates to avoid the high water. According to plaintiff, even when the flooding receded, there were still pockets of water on the basement floor, and the stairs became wet when employees walked through the water and then ascended the stairs. Plaintiff described that condition as "constant," and he testified that there were pockets of water on the basement floor on the day of his accident. We thus conclude that, by submitting plaintiff's deposition testimony, defendants raised a triable issue of fact whether the accumulation of water on the basement floor and stairs "was a dangerous and frequently unremedied recurring condition" (*Bido v 876-882 Realty, LLC*, 41 AD3d 311, 312 [2007]). Even assuming, arguendo, that defendants met their initial burden on their respective motions, we conclude that plaintiff raised a triable issue of fact by submitting the affidavit of his coworker, who stated therein that there were two or three inches of water on the basement floor constantly, including on the day of plaintiff's accident, and that the water on the floor caused the stairs to become wet.

We further conclude, however, that the court properly granted

that part of the motion of Ultimate and Calvaneso for summary judgment dismissing the amended complaint against Calvaneso. "It is well settled that a corporate officer may not be held liable for the negligence of the corporation merely because of his or her official relationship to it" (*Bernstein v Starrett City*, 303 AD2d 530, 532 [2003]). Those defendants thus established as a matter of law that Calvaneso, in his status as Ultimate's sole shareholder and director, is not liable for the alleged negligence of Ultimate, and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562). Present—Scudder, P.J., Smith, Centra, Peradotto and Pine, JJ.