JOHN J. WARREN, Appellant, v LAWRENCE R. ELLIS, III, et al., as Trustees under the Will of LAWRENCE R. ELLIS, JR., Dated December 23, 1986, et al., Respondents. [877 NYS2d 570]—

Appeal from an order of the Supreme Court, Ontario County (William F. Kocher, A.J.), entered January 8, 2008 in a personal injury action. The order granted the motions of defendants for summary judgment dismissing the amended complaint and denied plaintiff's cross motion for summary judgment.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motion of defendants Finger Lakes Book Company and All About Books, LLC and reinstating the amended complaint against those defendants and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when an 8-inch-by-12-inch piece of concrete stair fell out from beneath his feet as he descended a staircase at a warehouse owned by trustees under the will of Lawrence R. Ellis, Jr., and the trust under that will (collectively, owners), and leased by defendants Finger Lakes Book Company and All About Books, LLC (collectively, tenants). Supreme Court granted the motions of the owners and the tenants for summary judgment dismissing the amended complaint against them, and denied plaintiff's cross motion for summary judgment. We conclude that the court erred in granting the motion of the tenants, and we therefore modify the order accordingly. We note at the outset that, in view of our decision that the tenants are not entitled to summary judgment dismissing the amended complaint against them, we need not address plaintiff's contention concerning the alleged mislabeling of the motion of the tenants as a cross motion.

Addressing first the motion of the tenants, we conclude that they failed to meet their initial burden on the motion because they failed to establish that they did not create or have actual or constructive notice of the allegedly defective stairs (*see generally Wesolek v Jumping Cow Enters., Inc.*, 51 AD3d 1376, 1377 [2008]). In support of their motion, they submitted the deposition testimony of plaintiff in which he testified that, on the day of his accident, he walked up and down the stairs six times without incident and neither observed nor registered a complaint with respect to any breaks or problems with the stairs. They also submitted the deposition testimony of an individual who has an ownership interest in defendant All About Books, LLC, which in turn owns defendant Finger Lakes Book Company, that plaintiff's accident was the only incident that he could recall that involved a piece of the stair breaking off. Those submissions fail to establish the tenants' entitlement to judgment as a matter of law (*see generally Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Wesolek*, 51 AD3d at 1377).

We further conclude, however, that the court properly granted the motion of the owners for summary judgment dismissing the complaint against them inasmuch as by their submissions in support of their motion they established their entitlement to judgment as a matter of law (*see generally Wesolek*, 51 AD3d at 1377), and plaintiff failed to raise a triable issue of fact (*see generally Zuckerman*, 49 NY2d at 562). Contrary to plaintiff's contention, the doctrine of res ipsa loquitur does not apply to this case with respect to the owners. Indeed, the record does not support plaintiff's allegation that the owners' control of the

concrete stairs at the warehouse was "sufficiently exclusive 'to fairly rule out the chance that the defect . . . was caused by some agency other than [the owners'] negligence' " (*Chini v Wendcentral Corp.*, 262 AD2d 940 [1999], *lv denied* 94 NY2d 752 [1999], quoting *Dermatossian v New York City Tr. Auth.*, 67 NY2d 219, 228 [1986]). Present—Scudder, P.J., Smith, Peradotto, Carni and Green, JJ.