■ BOBBI LYNN DEROSIA, Appellant, v GASBARRE & SZATKOWSKI ASSOCIATION et al., Respondents. [885 NYS2d 862]—

Appeal from a judgment and order (one paper) of the Supreme Court, Monroe County (John J. Ark, J.), entered September 12, 2008 in a personal injury action. The judgment and order granted the motion of defendants for summary judgment dismissing the amended complaint.

It is hereby ordered that the judgment and order so appealed from is unanimously reversed on the law without costs, the motion is denied and the amended complaint is reinstated.

Memorandum: Plaintiff commenced this action seeking damages for injuries she allegedly sustained when she slipped and fell on ice in a parking lot on property owned by defendant Gasbarre & Szatkowski Associates. We conclude that Supreme Court erred in granting defendants' motion for summary judgment dismissing the amended complaint.

"In seeking summary judgment dismissing the [amended] complaint, defendant[s] had the initial burden of establishing that [they] did not create the alleged dangerous condition and did not have actual or constructive notice of it" (*Pelow v Tri-Main Dev.*, 303 AD2d 940, 940-941 [2003]). Defendants are correct that the amended complaint, as amplified by the bill of particulars, alleges only that they had constructive notice of the allegedly dangerous condition and does not allege that they had actual notice of the allegedly dangerous condition or that they created it. We agree with plaintiff, however, that defendants failed to meet their burden of establishing that they lacked constructive notice of the condition in question.

It is well established that, "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the] defendant[s] . . . to discover and remedy it" (*Gordon v American Museum of Natural History*, 67 NY2d 836, 837 [1986]). Here, defendants failed to establish that the ice was not visible upon a reasonable inspection (*cf. Ferington v Dudkowski*, 49 AD3d 1267 [2008]; *Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.*, 15 AD3d 857 [2005]). In support of their motion, defendants submitted, inter alia, the deposition testimony of plaintiff in which she stated that she could not see the ice at 11:00 P.M., when she fell. She also testified, however, that half of the lights in the area of the parking lot where she fell were not functioning. Thus, contrary to the contention of defendants, they failed to establish as a matter of law that plaintiff was unable to see the ice because it was not visible. Rather, by their

own submissions in support of the motion, defendants raised an issue of fact whether the ice was merely difficult to see because of the lighting conditions, "i.e., whether the condition was visible and apparent [upon a reasonable inspection] and had existed for a sufficient length of time before plaintiff's accident to permit defendant[s] to discover and remedy it" (*Merrill v Falleti Motors, Inc.*, 8 AD3d 1055 [2004]; *see Duman v City of Buffalo*, 269 AD2d 848 [2000]). Present—Scudder, P.J., Hurlbutt, Martoche, Smith and Centra, JJ.