■ ROBERT K. ANDERSON, Appellant, v GREAT EASTERN MALL, L.P., et al., Respondents. [902 NYS2d 283]—

Appeal from an order of the Supreme Court, Monroe County (Matthew A. Rosenbaum, J.), entered February 26, 2009 in a personal injury action. The order granted defendants' motions for summary judgment dismissing the complaint and the cross claims.

It is hereby ordered that the order so appealed from is unanimously modified on the law by denying the motions in part and reinstating the complaint insofar as the complaint, as amplified by the bills of particulars, alleges that defendants had actual or constructive notice of the dangerous condition and

reinstating the cross claims and as modified the order is affirmed without costs.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained when he slipped on ice and fell in front of the entrance to a store owned by defendant Kaufmann's Department Store, Inc. We note at the outset that plaintiff does not contend that Supreme Court erred in granting those parts of defendants' motions for summary judgment dismissing the complaint and the cross claims insofar as the complaint, as amplified by the bills of particulars, alleges that defendants created the dangerous condition, and he therefore has abandoned any issues with respect thereto (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]). We agree with plaintiff, however, that the court erred in granting those parts of the motions for summary judgment dismissing the complaint insofar as the complaint, as amplified by the bills of particulars, alleges that defendants had actual or constructive notice of the dangerous condition and for summary judgment dismissing the cross claims. We therefore modify the order accordingly. "[A] plaintiff is not required to prove that the defendants knew or should have known of the existence of a particular defect where they had actual notice of a recurrent dangerous condition in that location" (*Hale v Wilmorite, Inc.*, 35 AD3d 1251, 1251-1252 [2006]; *see Chrisler v Spencer*, 31 AD3d 1124 [2006]). "A defendant who has actual knowledge of an ongoing and recurring dangerous condition can be charged with constructive notice of each specific reoccurrence of the condition" (*Brown v Linden Plaza Hous. Co., Inc.*, 36 AD3d 742 [2007]; *see Chrisler*, 31 AD3d 1124 [2006]).

Defendants failed to meet their initial burden of establishing that they did not have actual notice of an ongoing and recurring dangerous condition, and they therefore failed to establish that they did not have actual or constructive notice of the dangerous condition (*see Chrisler*, 31 AD3d 1124 [2006]; *Migli v Davenport*, 249 AD2d 932 [1998]). In support of their motions, defendants submitted the deposition testimony of plaintiff, who testified that he fell as he was walking underneath a canopy. Plaintiff and his family members, who witnessed the accident, believed that the ice had formed from water dripping from a nearby drain, from snow melting from the canopy, or from snow melting from a nearby snow pile. Defendants also submitted the deposition testimony of their employees, who testified that they had observed water coming from the nearby drain and ice accumulation near that drain. The employees also testified that snow on top of the canopy would slide off onto the sidewalks

and water would drip from the canopy onto the sidewalk near where plaintiff fell. Finally, the employees testified that they would sometimes push the snow off of the sidewalks into a pile and that the snow would melt from the pile and form ice in front of the store. We thus conclude that there is a triable issue of fact whether "there was in fact a 'recurring dangerous condition in the area of the slip and fall that was routinely left unaddressed' " (*Hale*, 35 AD3d at 1252). Present—Scudder, P.J., Centra, Carni, Sconiers and Pine, JJ.