■ LUIS E. BASSAT, Appellant, v ALPHA IRON WORKS, INC., et al., Respondents, et al., Defendants. [904 NYS2d 627]—

Appeal from an order of the Supreme Court, Monroe County (David Michael Barry, J.), entered July 7, 2009 in a personal injury action. The order, insofar as appealed from, granted that part of the motion of defendants Alpha Iron Works, Inc. and Alpha Iron Works, LLC for summary judgment dismissing the first cause of action, for negligence, against them insofar as that cause of action alleges that those defendants created the allegedly dangerous condition.

It is hereby ordered that the order insofar as appealed from is unanimously reversed on the law without costs, the motion is denied in part and the first cause of action against defendants Alpha Iron Works, Inc. and Alpha Iron Works, LLC is reinstated insofar as that cause of action alleges that those defendants created the allegedly dangerous condition.

Memorandum: Plaintiff commenced this action seeking damages for injuries he sustained working as a tile cutter and installer for E.G. Sackett, Inc. (Sackett), a subcontractor on a construction project. He was carrying a tile cutting machine down a flight of stairs in the building with a coworker when he tripped over a red and black cord or cable that diagonally traversed the stairway, causing him to stumble and to injure his lower back. According to the deposition testimony of plaintiff, he believed that the cord or cable was attached to a generator on the first floor of the building. We note at the outset that, although Supreme Court granted the motion of defendants-respondents (collectively, Alpha defendants) for summary judgment dismissing the complaint against them, plaintiff contends on appeal only that the court erred in granting that part of the

motion dismissing the first cause of action, for negligence, against those defendants, who also were subcontractors on the project, insofar as that cause of action alleges that they created the allegedly dangerous condition. Plaintiff has thus abandoned any other issues concerning that cause of action and the remaining causes of action asserted against the Alpha defendants (*see Ciesinski v Town of Aurora*, 202 AD2d 984 [1994]).

In support of their motion, the Alpha defendants submitted evidence establishing that they neither owned the cord or cable over which plaintiff tripped nor placed it on the stairway. The Alpha defendants further established that they did not use any red and black cords or cables and that their employees had no need to use a generator on the first floor of the building because there were temporary power sources available on each floor of the building where they were working. The Alpha defendants also submitted evidence establishing that plaintiff's employer, Sackett, owned red and black extension cords. We conclude that the Alpha defendants thereby met their initial burden of establishing as a matter of law that they did not create the allegedly dangerous condition that caused the accident (*see generally Derosia v Gasbarre & Szatkowski Assn.*, 66 AD3d 1423 [2009]; *Pelow v Tri-Main Dev.*, 303 AD2d 940, 941 [2003]), thus shifting the burden to plaintiff to raise an issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]).

In opposition to the motion, plaintiff submitted an affidavit from a private investigator who averred that the president of the Alpha defendants acknowledged that three or four of his employees were working on the staircase on the day of plaintiff's injury. The president informed the private investigator that his employees were doing " 'grinding and polishing work' " with tools that required electrical power. Plaintiff also submitted evidence that only one contractor worked on the staircase at a given time, that the Alpha defendants and Sackett were the only contractors who performed work on the staircase, and that none of plaintiff's coworkers was working on the stairs on the day in question. In our view, that evidence is sufficient to raise an issue of fact whether an employee of the Alpha defendants left the cord or cable on the stairway and thereby created a dangerous condition that caused plaintiff's injuries. Present—Scudder, P.J., Martoche, Lindley, Green and Gorski, JJ.