# SUPREME COURT OF THE STATE OF NEW YORK
## *Appellate Division, Fourth Judicial Department*

567
CA 15-01719
PRESENT: SMITH, J.P., CARNI, DEJOSEPH, AND CURRAN, JJ.

---

CHESLEY A. O'BRYAN, PLAINTIFF-APPELLANT,

V                                          MEMORANDUM AND ORDER

TONAWANDA HOUSING AUTHORITY,
DEFENDANT-RESPONDENT.

---

LIPSITZ GREEN SCIME CAMBRIA LLP, BUFFALO (JOHN A. COLLINS OF COUNSEL),
FOR PLAINTIFF-APPELLANT.

COUTU LANE, PLLC, BUFFALO (KEVIN A. LANE OF COUNSEL), FOR
DEFENDANT-RESPONDENT.

---

    Appeal from an order of the Supreme Court, Erie County (Shirley
Troutman, J.), entered February 10, 2015.  The order granted the
motion of defendant for summary judgment and dismissed the complaint.

    It is hereby ORDERED that the order so appealed from is
unanimously modified on the law by denying the motion in part and
reinstating the complaint insofar as the complaint alleges that
defendant had constructive notice of the allegedly dangerous condition
and as modified the order is affirmed without costs.

    Memorandum:  Plaintiff commenced this action seeking damages for
injuries he allegedly sustained when he slipped and fell on ice in a
parking lot on property owned by defendant, Tonawanda Housing
Authority.  Plaintiff appeals from an order granting defendant's
motion for summary judgment dismissing the complaint.  At the outset,
we note that plaintiff, by briefing the issue of constructive notice
only, has abandoned any claim that defendant had actual notice of or
created the dangerous condition (*see Ciesinski v Town of Aurora*, 202
AD2d 984, 984).  We agree with plaintiff that Supreme Court erred in
granting that part of defendant's motion seeking summary judgment
dismissing the complaint insofar as the complaint alleges that
defendant had constructive notice of the allegedly dangerous
condition.  We therefore modify the order accordingly.

    It is well established that, "[t]o constitute constructive
notice, a defect must be visible and apparent and it must exist for a
sufficient length of time prior to the accident to permit [the]
defendant's employees to discover and remedy it" (*Gordon v American
Museum of Natural History*, 67 NY2d 836, 837).  Here, defendant failed
to establish that the ice was not visible upon a reasonable inspection
(*see Derosia v Gasbarre & Szatkowski Assn.*, 66 AD3d 1423, 1424; *see*

*also Gwitt v Denny's, Inc.*, 92 AD3d 1231, 1231-1232; *cf*. *Ferington v Dudkowski*, 49 AD3d 1267, 1267; *Quinn v Holiday Health & Fitness Ctrs. of N.Y., Inc.*, 15 AD3d 857, 857-858).  In support of its motion, defendant submitted, inter alia, the deposition testimony of three of its maintenance employees, which, taken together, demonstrates that defendant had not inspected the parking lot for nearly two days prior to plaintiff's fall.  Thus, by its own submissions, defendant raised an issue of fact "whether the condition was visible and apparent [upon a reasonable inspection] and had existed for a sufficient length of time before plaintiff's accident to permit defendant to discover and remedy it" (*Merrill v Falleti Motors, Inc.*, 8 AD3d 1055, 1056; *see Derosia*, 66 AD3d at 1424-1425).

Entered:  June 10, 2016                          Frances E. Cafarell
                                                 Clerk of the Court