Bush v Independent Food Equip., Inc. (2018 NY Slip Op 00719)





Bush v Independent Food Equip., Inc.


2018 NY Slip Op 00719


Decided on February 2, 2018


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 2, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., CARNI, CURRAN, AND WINSLOW, JJ.


1221 CA 17-00602

[*1]CLAUDE BUSH, JR., AND REBECCA BUSH, PLAINTIFFS-RESPONDENTS,
v
INDEPENDENT FOOD EQUIPMENT, INC., DEFENDANT-APPELLANT. 






GOLDBERG SEGALLA LLP, SYRACUSE (LISA M. ROBINSON OF COUNSEL), FOR DEFENDANT-APPELLANT. 
BOTTAR LEONE, PLLC, SYRACUSE (ADAM P. MASTROLEO OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Onondaga County (Deborah H. Karalunas, J.), entered December 5, 2016. The order denied the motion of defendant for summary judgment dismissing the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by granting the motion in part and dismissing the negligence cause of action to the extent that it is based on the doctrine of res ipsa loquitur and as modified the order is affirmed without costs.
Memorandum: Plaintiffs commenced this negligence action seeking damages for injuries sustained by Claude Bush, Jr. (plaintiff) after he suffered an electric shock when he pushed the start button on a meat grinder while working as a meat cutter at a grocery store. Defendant had repaired the grinder for the grocery store several times in the weeks and months prior to the incident, and plaintiffs allege that the accident was caused by defendant's negligent repair of the grinder. Defendant appeals from an order that denied its motion for summary judgment dismissing the complaint.
Defendant contends that Supreme Court erred in denying its motion inasmuch as it did not owe plaintiff a duty of care. We reject that contention. It is well settled that, "[b]ecause a finding of negligence must be based on the breach of a duty, a threshold question in tort cases is whether the alleged tortfeasor owed a duty of care to the injured party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]). The general rule is that "[a] contractual obligation, standing alone, will . . . not give rise to tort liability in favor of a third party" (Cooper v Time Warner Entertainment-Advance/Newhouse Partnership, 16 AD3d 1037, 1038 [4th Dept 2005] [internal quotation marks omitted]). There is an exception to that general rule, however, "where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, launche[s] a force or instrument of harm' " (Espinal, 98 NY2d at 140), thereby "creat[ing] an unreasonable risk of harm to others, or increas[ing] that risk" (Church v Callanan Indus., 99 NY2d 104, 111 [2002]). Here, defendant established as a matter of law that it repaired the grinder pursuant to an agreement with the grocery store and thus did not owe any duty to plaintiff, who was not a party to that agreement. We conclude, however, that plaintiffs raised a triable issue of fact by submitting the affidavit of an expert, who opined that the lack of proper grounding for the grinder caused plaintiff to suffer an electric shock, and that defendant's failure to make sure the grinder was properly grounded was a deviation from good and accepted standards of care. Thus, plaintiffs' expert raised a question of fact whether defendant assumed a duty of care to plaintiff by creating a dangerous condition (see generally id.; Espinal, 98 NY2d at 140).
We also reject defendant's contention that the affidavit of plaintiffs' expert is insufficient to raise a triable issue of fact inasmuch as the expert's conclusions are based on "assumptions, speculation and inadmissible evidence." When an expert's affidavit is offered in opposition to a summary judgment motion, it " must contain sufficient allegations to demonstrate that the conclusions it contains are more than mere speculation and would, if offered alone at trial, support a verdict in the proponent's favor' " (Ramos v Howard Indus., Inc., 10 NY3d 218, 224 [2008], quoting Adamy v Ziriakus, 92 NY2d 396, 402 [1998]). "Where the expert's ultimate assertions are speculative or unsupported by any evidentiary foundation . . . the opinion should be given no probative force and is insufficient to withstand summary judgment" (Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002]). Although we agree with defendant that the portion of the expert's affidavit that was based on the expert's inspection of the grinder more than three years after the incident is speculative and conclusory inasmuch as there was no evidence that the grinder was in the same condition at the time of the inspection as it was at the time of the incident (see Ferrington v Dudkowski, 49 AD3d 1267, 1268 [4th Dept 2008]; Ciccarelli v Cotira, Inc., 14 AD3d 1276, 1277 [4th Dept 2005]), the expert's opinion was not based solely on his inspection of the grinder. Rather, the expert also based his opinion on written materials provided by the grinder's manufacturer, the grocery store and defendant, as well as all relevant discovery material and deposition testimony. Most importantly, the expert relied upon the deposition testimony of the employee of defendant who repaired the grinder and, based on that testimony, the expert concluded that the negligence of defendant's employee during the repair of the grinder exacerbated a dangerous condition and thereby caused plaintiff's injuries. Thus, the expert's affidavit is sufficient to raise a question of material fact because it contains sufficient allegations to demonstrate that the expert's conclusions are not mere speculation (see generally Ramos, 10 NY3d at 224).
Finally, we agree with defendant that the doctrine of res ipsa loquitur is inapplicable because plaintiff's injuries were not " caused by an agency or instrumentality within the exclusive control of the defendant' " (Morejon v Rais Constr. Co., 7 NY3d 203, 209 [2006]). Indeed, the record establishes that defendant did not own the grinder, did not have daily access to the grinder, and did not have an exclusive maintenance contract with the grocery store with respect to the grinder, and that the grocery store's employees disassembled the grinder nightly and reassembled the grinder each morning prior to its use. Thus, defendant established as a matter of law that it did not have control of the grinder that was "sufficiently exclusive to fairly rule out the chance that the defect . . . was caused by" the actions of the grocery store's employees (Warren v Ellis, 61 AD3d 1351, 1353 [4th Dept 2009] [internal quotation marks omitted]), and plaintiffs failed to raise an issue of fact. We therefore modify the order by granting defendant's motion in part and dismissing the negligence cause of action to the extent that it is based on the doctrine of res ipsa loquitur.
Entered: February 2, 2018
Mark W. Bennett
Clerk of the Court