Fuller v Armor Volunteer Fire Co., Inc. (2019 NY Slip Op 01004)





Fuller v Armor Volunteer Fire Co., Inc.


2019 NY Slip Op 01004


Decided on February 8, 2019


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on February 8, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, DEJOSEPH, AND WINSLOW, JJ.


61 CA 18-01381

[*1]DIANE M. FULLER, PLAINTIFF-RESPONDENT,
v
ARMOR VOLUNTEER FIRE CO., INC., DEFENDANT-APPELLANT. 






BURDEN, HAFNER & HANSEN, LLC, BUFFALO (SARAH E. HANSEN OF COUNSEL), FOR DEFENDANT-APPELLANT. 
CELLINO & BARNES, P.C., BUFFALO (ELLEN B. STURM OF COUNSEL), FOR PLAINTIFF-RESPONDENT. 


 Appeal from an order of the Supreme Court, Erie County (Tracey A. Bannister, J.), entered April 3, 2018. The order denied defendant's motion for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiff commenced this action to recover damages for injuries that she allegedly sustained when she slipped and fell on black ice in the rear parking lot of defendant's fire hall, where plaintiff and her husband intended to play bingo. In her amended complaint, as amplified by her bill of particulars, plaintiff asserted a single cause of action, for negligence, alleging that defendant had constructive notice of the icy condition and that the lighting in the rear parking lot was inadequate. Viewing the evidence in the light most favorable to plaintiff (see Branham v Loews Orpheum Cinemas, Inc., 8 NY3d 931, 932 [2007]), we conclude that Supreme Court properly denied defendant's motion for summary judgment dismissing the amended complaint.
Contrary to defendant's contention, it failed to meet its initial burden on the motion (see generally Zuckerman v City of New York, 49 NY2d 557, 562 [1980]). It is well established that, "[t]o constitute constructive notice, a defect [or dangerous condition] must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [a defendant] to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Here, defendant failed to establish that the ice was not visible upon a reasonable inspection (see Derosia v Gasbarre & Szatkowski Assn., 66 AD3d 1423, 1424 [4th Dept 2009]). In support of its motion, defendant submitted the deposition testimony of one of its members, who stated that he plowed much of the rear parking lot to "bare blacktop" two hours before plaintiff arrived. In addition, defendant submitted the deposition testimony of plaintiff and her husband, which established that the parking lot in the area of the fall was dark and that the lighting nearby was inadequate. Thus, by its own submissions, defendant raised an issue of fact "whether the ice was merely difficult to see because of the lighting conditions, i.e., whether the condition was visible and apparent [upon a reasonable inspection] and had existed for a sufficient length of time before plaintiff's accident to permit defendant[] to discover and remedy it' " (id. at 1425; see O'Bryan v Tonawanda Hous. Auth., 140 AD3d 1702, 1703 [4th Dept 2016]).
Entered: February 8, 2019
Mark W. Bennett
Clerk of the Court