Cottrell v Benderson Dev. Co., LLC (2020 NY Slip Op 04667)





Cottrell v Benderson Dev. Co., LLC


2020 NY Slip Op 04667


Decided on August 20, 2020


Appellate Division, Fourth Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on August 20, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: PERADOTTO, J.P., CARNI, LINDLEY, CURRAN, AND TROUTMAN, JJ.


376 CA 19-01549

[*1]SUSAN COTTRELL AND EARL COTTRELL, PLAINTIFFS-RESPONDENTS,
v
BENDERSON DEVELOPMENT COMPANY, LLC, AND BENDERSON 85-1 TRUST, DEFENDANTS-APPELLANTS. 






FITZGERALD & ROLLER, P.C., BUFFALO (DEREK J. ROLLER OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
CANTOR & WOLFF, BUFFALO (DAVID WOLFF OF COUNSEL), FOR PLAINTIFFS-RESPONDENTS. 


 Appeal from an order of the Supreme Court, Erie County (Frank A. Sedita, III, J.), entered August 6, 2019. The order denied the motion of defendants for summary judgment dismissing the second amended complaint. 
It is hereby ORDERED that the order so appealed from is unanimously affirmed without costs.
Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Susan Cottrell (plaintiff) when she allegedly slipped in the parking lot of defendants' premises. Defendants appeal from an order denying their motion for summary judgment dismissing the second amended complaint. We affirm.
Contrary to defendants' contention, they failed to meet their initial burden of establishing that they lacked constructive notice of the alleged icy condition. Initially, we note that plaintiffs did not allege that defendants created or had actual notice of the icy condition, and thus we are concerned only with whether defendants had constructive notice (see generally Wood v Buffalo & Fort Erie Pub. Bridge Auth., 178 AD3d 1383, 1384 [4th Dept 2019]). Defendants failed to meet their initial burden of establishing as a matter of law that "the alleged icy condition was not visible and apparent or that the ice formed so close in time to the accident that [defendants] could not reasonably have been expected to notice and remedy the condition" (Waters v Ciminelli Dev. Co., Inc., 147 AD3d 1396, 1397 [4th Dept 2017] [internal quotation marks omitted]; see Wood, 178 AD3d at 1384). Although plaintiff allegedly fell on "black ice," that fact alone does not establish as a matter of law that the ice was not visible and apparent (see Wood, 178 AD3d at 1384) and, here, defendants' submissions included the deposition testimony of multiple witnesses who testified that they saw the alleged patch of ice. Furthermore, defendants' submission of evidence of "[t]he salting of the area approximately [seven] hours before plaintiff fell does not establish that the ice formed so close in time to the accident that defendant[s] could not reasonably have been expected to notice and remedy the condition" (Conklin v Ulm, 41 AD3d 1290, 1291 [4th Dept 2007]; see generally Waters, 147 AD3d at 1398).
Entered: August 20, 2020
Mark W. Bennett
Clerk of the Court