Doyle v Tops Mkts., LLC (2025 NY Slip Op 00577)

Doyle v Tops Mkts., LLC

2025 NY Slip Op 00577

Decided on January 31, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on January 31, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

894 CA 23-01652

[*1]SHARON DOYLE, PLAINTIFF-APPELLANT,
v
TOPS MARKETS, LLC, TOPS HOLDING, LLC, TOPS NR, LLC, TOPS PT, LLC, AND 1438 SOUTH PARK AVE CO., LLC, DEFENDANTS-RESPONDENTS. 

HARDING MAZZOTTI, LLP, ALBANY (MATTHEW J. DILLON OF COUNSEL), FOR PLAINTIFF-APPELLANT. 
NASH CONNORS, P.C., BUFFALO (JAMES J. NASH OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal from an order of the Supreme Court, Erie County (Gerald J. Greenan, III, J.), entered September 6, 2023. The order granted the motion of defendants for summary judgment and dismissed the complaint. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying the motion in part and reinstating the complaint insofar as it alleges that defendants had constructive notice of the allegedly dangerous condition and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries she sustained when she allegedly slipped on black ice in a grocery store parking lot. In her complaint, plaintiff alleges that defendants created the dangerous condition and had actual and constructive notice of it. Defendants moved for summary judgment dismissing the complaint. Supreme Court granted the motion, and plaintiff appeals.
Preliminarily, we note that on appeal plaintiff has briefed the issue of constructive notice only, and she has therefore abandoned any claims that defendants had actual notice of or created the dangerous condition (see Arghittu-Atmekjian v TJX Cos., Inc., 193 AD3d 1395, 1395 [4th Dept 2021]; O'Bryan v Tonawanda Hous. Auth., 140 AD3d 1702, 1703 [4th Dept 2016]; Anderson v Great E. Mall, L.P., 74 AD3d 1760, 1761 [4th Dept 2010]).
We agree with plaintiff that the court erred in granting the motion with respect to the claim that defendants had constructive notice of the allegedly dangerous condition, and we therefore modify the order accordingly. "To constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [a] defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). In moving for summary judgment, defendants argued, and the court agreed, that they did not have constructive notice inasmuch as plaintiff slipped on black ice and thus the icy condition was not visible and apparent. Although plaintiff allegedly slipped on black ice, "that fact alone does not establish as a matter of law that the ice was not visible and apparent" (Cottrell v Benderson Dev. Co., LLC, 186 AD3d 1065, 1066 [4th Dept 2020]; see Wood v Buffalo & Fort Erie Pub. Bridge Auth., 178 AD3d 1383, 1384 [4th Dept 2019]; Waters v Ciminelli Dev. Co., Inc., 147 AD3d 1396, 1397-1398 [4th Dept 2017]). Moreover, the fact that plaintiff did not see the ice before she fell is not dispositive of whether the condition was visible and apparent (see Lewis v Carrols LLC, 158 AD3d 1055, 1057 [4th Dept 2018]; Navetta v Onondaga Galleries LLC, 106 AD3d 1468, 1469-1470 [4th Dept 2013]). Here, defendants submitted excerpts from plaintiff's deposition where she described the ice, as [*2]she observed it after she fell, as "[a] wide circle" and "a big patch" that "was the same color as the ground" and not shiny. We conclude that defendants failed to meet their initial burden of establishing as a matter of law that the icy condition was not visible and apparent (see Cottrell, 186 AD3d at 1066; Fuller v Armor Volunteer Fire Co., Inc., 169 AD3d 1471, 1472 [4th Dept 2019]; Waters, 147 AD3d at 1397-1398).
Even assuming, arguendo, that defendants met their initial burden on the motion, we conclude that plaintiff raised a triable issue of fact in opposition. Plaintiff submitted, inter alia, photographs taken after plaintiff's accident depicting the icy condition and the deposition of the assistant store manager, who confirmed that he could see the icy patch in those photographs.
Entered: January 31, 2025
Ann Dillon Flynn
Clerk of the Court