Crockett v Home Depot U.S.A., Inc. (2025 NY Slip Op 02524)

Crockett v Home Depot U.S.A., Inc.

2025 NY Slip Op 02524

Decided on April 25, 2025

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on April 25, 2025
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: SMITH, J.P., BANNISTER, MONTOUR, GREENWOOD, AND KEANE, JJ.

901 CA 23-01995

[*1]CYNTHIA CROCKETT, PLAINTIFF-RESPONDENT-APPELLANT,
v
HOME DEPOT U.S.A., INC., HOME DEPOT STORE #1287, DEFENDANTS-APPELLANTS, RWC LANDSCAPE SERVICES MANAGEMENT AND JA KRANTZ LANDSCAPE DESIGN, LLC, DEFENDANTS-RESPONDENTS. (APPEAL NO. 1.) 

SMITH SOVIK KENDRICK & SUGNET P.C., WILLIAMSVILLE (ALAN J. BEDENKO OF COUNSEL), FOR DEFENDANTS-APPELLANTS.
GOLDSTEIN GRECO, P.C., BUFFALO (BRIAN A. GOLDSTEIN OF COUNSEL), FOR PLAINTIFF-RESPONDENT-APPELLANT. 
NASH CONNORS, P.C., BUFFALO (ANDREW J. KOWALEWSKI OF COUNSEL), FOR DEFENDANTS-RESPONDENTS. 

 Appeal and cross-appeal from an order of the Supreme Court, Niagara County (Frank Caruso, J.), entered November 6, 2023. The order granted the motion of defendants RWC Landscape Services Management and JA Krantz Landscape Design, LLC, for summary judgment and denied the cross-motion of defendants Home Depot U.S.A., Inc., and Home Depot Store #1287 for summary judgment. 
It is hereby ORDERED that the order so appealed from is unanimously modified on the law by denying in part the motion of defendants RWC Landscape Services Management and JA Krantz Landscape Design, LLC and reinstating the complaint against JA Krantz Landscape Design, LLC, and as modified the order is affirmed without costs.
Memorandum: Plaintiff commenced this action seeking damages for injuries that she allegedly sustained when she slipped and fell on ice in a parking lot on property owned by defendants Home Depot U.S.A., Inc. (Home Depot U.S.A.) and Home Depot Store #1287 (collectively, Home Depot defendants), who had hired defendant RWC Landscape Services Management (RWC) to perform maintenance of the store's outside parking lot and walkways, including snow and ice removal. RWC, in turn, subcontracted its responsibility for snow and ice removal to defendant JA Krantz Landscape Design, LLC (JA Krantz).
RWC and JA Krantz moved for summary judgment dismissing the complaint against them on the ground that they did not owe plaintiff a duty of care. The Home Depot defendants cross-moved for summary judgment dismissing plaintiff's complaint against them and, although they had not asserted any cross-claims at that time, they also sought summary judgment against RWC and JA Krantz for contractual indemnification, common-law indemnification and breach of contract. In appeal No. 1, the Home Depot defendants appeal and plaintiff cross-appeals from an order that granted the motion of RWC and JA Krantz and denied the Home Depot defendants' cross-motion. Thereafter, plaintiff moved for leave to reargue her opposition to the motion of RWC and JA Krantz, and the Home Depot defendants moved for, inter alia, leave to reargue their cross-motion for summary judgment. In appeal No. 2, Home Depot U.S.A. appeals from an order insofar as it denied that part of its motion seeking leave to reargue, and plaintiff cross-appeals from the same order insofar as it denied her motion seeking leave to reargue.
Initially, we conclude that the appeal of Home Depot U.S.A. and cross-appeal of plaintiff in appeal No. 2 must be dismissed because "[a]n order denying a motion [for leave] to reargue is not appealable" (Empire Ins. Co. v Food City, 167 AD2d 983, 984 [4th Dept 1990]).
In appeal No. 1, we agree with the Home Depot defendants and plaintiff that Supreme Court erred in granting that part of the motion of RWC and JA Krantz seeking summary judgment dismissing the complaint against JA Krantz inasmuch as there is a triable issue of fact whether JA Krantz assumed a duty of care to plaintiff by launching a force or instrument of harm. " '[T]he threshold question in any negligence action is: does defendant owe a legally recognized duty of care to plaintiff?' " (Nicholas T. v Town of Tonawanda, 213 AD3d 1333, 1334 [4th Dept 2023]). Here, any duty that RWC or JA Krantz owed with respect to the condition of the parking lot "arose exclusively out of [the] contract[s]" between RWC and the Home Depot defendants and between RWC and JA Krantz (Lingenfelter v Delevan Terrace Assoc., 149 AD3d 1522, 1523 [4th Dept 2017]). "[A] contractual obligation, standing alone, will generally not give rise to tort liability in favor of a third party" (Espinal v Melville Snow Contrs., 98 NY2d 136, 138 [2002]; see Suzanne P. v Joint Bd. of Directors of Erie-Wyoming County Soil Conservation Dist., 175 AD3d 1093, 1094 [4th Dept 2019], affd 41 NY3d 391 [2024], rearg denied 41 NY3d 1000 [2024]; Honer v McComb, 126 AD3d 1555, 1556 [4th Dept 2015]). Nevertheless, "a party who enters into a contract to render services may be said to have assumed a duty of care . . . to third persons . . . where the contracting party, in failing to exercise reasonable care in the performance of [its] duties, 'launche[s] a force or instrument of harm' " (Espinal, 98 NY2d at 140).
Here, inasmuch as plaintiff's complaint and bill of particulars did not allege facts establishing the applicability of an Espinal exception to the general rule, RWC and JA Krantz met their initial burden on the motion by establishing that plaintiff was not a party to the contracts (see Govenettio v Dolgencorp of N.Y., Inc., 175 AD3d 1805, 1805-1806 [4th Dept 2019]). In opposition, however, plaintiff raised an issue of fact whether JA Krantz launched a force or instrument of harm. Specifically, plaintiff submitted the affidavit of an expert, who opined that JA Krantz's use of sodium chloride, i.e., rock salt, created a dangerous condition because, in light of the temperature on the day of the incident, the rock salt would have caused the ice and snow to melt and then refreeze (see Bregaudit v Loretto Health & Rehabilitation Ctr., 211 AD3d 1582, 1585 [4th Dept 2022]). We therefore modify the order in appeal No. 1 by denying in part the motion of RWC and JA Krantz and reinstating the complaint against JA Krantz.
The Home Depot defendants contend on their appeal that the court erred in denying their cross-motion seeking summary judgment dismissing the complaint on the ground that there was no evidence that the Home Depot defendants had actual or constructive notice of the ice that caused plaintiff's fall. We reject that contention. We agree with the Home Depot defendants that there is no evidence of actual notice. With respect to constructive notice, it is well established that, "[t]o constitute constructive notice, a defect must be visible and apparent and it must exist for a sufficient length of time prior to the accident to permit [the] defendant's employees to discover and remedy it" (Gordon v American Museum of Natural History, 67 NY2d 836, 837 [1986]). Here, there is a question of fact whether the ice was visible upon a reasonable inspection (see generally Gwitt v Denny's, Inc., 92 AD3d 1231, 1231-1232 [4th Dept 2012]; Derosia v Gasbarre & Szatkowski Assn., 66 AD3d 1423, 1424 [4th Dept 2009]). Photographs of the area where the accident occurred that were taken near the time of plaintiff's fall clearly show ice on the pavement. Thus, plaintiff raised an issue of fact "whether the condition was visible and apparent and had existed for a sufficient length of time before plaintiff's accident to permit [the Home Depot] defendant[s] to discover and remedy it" (Merrill v Falleti Motors, Inc., 8 AD3d 1055, 1056 [4th Dept 2004]; see generally Derosia, 66 AD3d at 1424-1425).
We also reject the Home Depot defendants' contention that they are entitled to summary judgment dismissing the complaint against them on the ground that the accident occurred during a storm in progress (see Govenettio, 175 AD3d at 1806). According to the certified weather report submitted by plaintiff and relied upon by the Home Depot defendants in support of their cross-motion, only "trace amounts of snow continued to fall the day [of the fall] [w]ith temperatures never going above freezing." Thus, the Home Depot defendants' own submissions raise an issue of fact whether there was a storm in progress at the time of the fall (see Govenettio, [*2]175 AD3d at 1806; see generally Gagne v MJ Props. Realty, LLC, 221 AD3d 1210, 1213 [3d Dept 2023]).
We have reviewed the remaining contentions of the Home Depot defendants and plaintiff and conclude that none warrants further modification or reversal of the order in appeal No. 1.
Entered: April 25, 2025
Ann Dillon Flynn
Clerk of the Court